UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **HEATHER DELISLE** | : | |
| c/o Freking Myers & Reul LLC | : | Case No. 1:25-cv-716 |
| 600 Vine St., 9th Floor | : | |
| Cincinnati, OH 45202 | : | Judge _____ |
| | : | |
| Plaintiff, | : | **COMPLAINT WITH JURY DEMAND** |
| | : | |
| v. | : | |
| | : | |
| **LINDEN GROVE SCHOOL** | : | |
| **BOARD OF TRUSTEES** | : | |
| C/O Shawn Scott | : | |
| 4122 Myrtle Avenue | : | |
| Cincinnati, OH 45236 | : | |
| | : | |
| Also serve | : | |
| | : | |
| David Beckett, President | : | |
| Linden Grove School Board of Trustees | : | |
| 4122 Myrtle Avenue | : | |
| Cincinnati, OH 45236 | : | |
| | : | |
| Defendant. | : | |

Plaintiff Heather Delisle states the following claims against Defendant Linden Grove Schools:

**PARTIES**

1. Plaintiff Heather Delisle ("Plaintiff") is a resident and citizen of the State of Ohio.

2. Defendant Linden Grove School Board of Trustees ("Linden Grove") acts as trustee of the Linden Grove School which is a domestic non-profit corporation incorporated in the State of Ohio.

## JURISDICTION

3. This Court has personal jurisdiction over Defendant Linden Grove which is located in Hamilton County, Ohio and has caused tortious injury in this District.

4. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C.§ 1331 because they arise under the laws of the United States, namely the Family and Medical Leave Act of 1993, as amended 29 U.S.C. § 2601 *et seq*.

5. Plaintiff dual-filed a Charge of Discrimination with the OCRC and EEOC on July 14, 2025. She intends to amend this Complaint to include those claims upon receipt of her Notice of Right to Sue.

6. This Court is a proper venue pursuant to 28 U.S.C. § 1391 as Defendant employed Plaintiff in this District and the conduct that gives rise to the legal claims in this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff was hired as an Intervention Specialist at Linden Grove School in February of 2023.

8. Plaintiff was, at all relevant times, fully qualified for her position.

9. After Plaintiff was hired she was diagnosed with a seizure condition.

10. Plaintiff was out of work for one month during this diagnosis period.

11. Plaintiff utilized FMLA for this leave.

12. After one month, Plaintiff was cleared to return to work; however, she was not cleared to drive.

13. Rather than taking more leave, Plaintiff's mother drove her to and from the school every day for six months to ensure that Plaintiff could continue to work.

14. The school recognized Plaintiff's exceptional commitment to her position and her strong performance with a merit increase.

15. In February of 2024, Plaintiff was diagnosed with breast cancer.

16. She required a double mastectomy.

17. Plaintiff utilized her FMLA again to recover from the surgery.

18. However, during Plaintiff's leave, she had to complete work for Linden Grove, including substitute plans, classroom presentations, and other work.

19. This is memorialized in text messages between Plaintiff and Principal Kristin Tennyson.

20. A true and accurate copy of texts between Plaintiff and Principal Tennyson on June 3 and September 11 are attached hereto as Exhibit A.

21. Plaintiff was released to fully return to work as of September 26, 2024.

22. A true and accurate copy of Plaintiff's Return to Work Letter is attached hereto as Exhibit B.

23. Multiple people, including Principal Tennyson, expressed concerns about Plaintiff returning to work and spread conjecture that she would need more leave.

24. The day before Plaintiff was due to return to work, Linden Grove terminated her employment.

25. The school explained that, "[t]his decision comes after careful consideration of your recent leave of absence under the Family and Medical Leave Act (FMLA) and your medical leave."

26. Defendant further explained that its decision was "not a reflection of [Plaintiff's] abilities and contributions to the company."

27. Defendant left open the possibility of Plaintiff's reemployment with Linden Grove should her "circumstances" change.

28. A true and accurate copy of the Termination Letter is attached hereto as Exhibit C.

29. Plaintiff's medical benefits were discontinued effective immediately and she was not issued reimbursement for deductions made for the month.

30. At the time of her termination, Plaintiff was recovering from surgery to remove cancer.

31. At the same time as her termination, Plaintiff was suddenly a single mother to six children, with sole custody of four, with a house that was going into foreclosure.

32. Plaintiff was forced to move herself and her children into her mother's house.

33. Plaintiff had no advance notice that the school was considering terminating her employment.

## COUNT I
**(FMLA Retaliation)**

34. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

35. Plaintiff applied for and was granted FMLA leave to have surgery to remove cancerous cells and to recover.

36. Defendant terminated Plaintiff's employment because she exercised her rights under the FMLA.

37. Defendant's actions constitute willful violations of the FMLA, 29 U.S.C. § 2601.

38. As a result of Defendant's violations of the FMLA, Plaintiff has suffered damages and is entitled to relief.

## COUNT II
### (FMLA Interference)

39. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

40. Plaintiff applied for and was granted FMLA leave to have surgery to remove cancerous cells and to recover.

41. Defendant interfered with Plaintiff's FMLA rights by causing her to work while she was on leave.

42. Defendant's actions constitute willful violations of the FMLA, 29 U.S.C. § 2601.

43. As a result of Defendant's violations of the FMLA, Plaintiff has suffered damages and is entitled to relief.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Plaintiff be reinstated;

(b) That Plaintiff be awarded front pay;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) That Plaintiff be awarded compensatory damages, including for emotional distress;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be awarded a permanent injunction against Defendant from engaging in any further unlawful employment practices;

(h) That Plaintiff be awarded pre-judgment and post-judgment interest;

(i) That Plaintiff be awarded reasonable attorneys' fees;

(j) That Plaintiff be awarded reasonable litigation expenses and costs; and

(k) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

*/s/ Paige E. Richardson*
Kelly Mulloy Myers (0065698)
Paige E. Richardson (0102380)
Trial Attorneys for Plaintiff
Freking Myers & Reul LLC
600 Vine St., 9th Floor
Cincinnati, Ohio 45202
Phone: (513) 721-1975/Fax: (513) 651-2570
*kmyers@fmr.law*
*prichardson@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Paige E. Richardson*